UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HERNANDEZ,

        Petitioner,               Case Number: 14-12898
                                                        HONORABLE AVERN COHN
v.

CARMEN PALMER,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Christopher Hernandez (Petitioner) is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan.  Petitioner filed a pro se petition for a writ of habeas corpus challenging the sentences imposed for his convictions for assault with intent to rob while armed, M.C.L. § 750.89, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b.  For the reasons that follow, the petition will be denied for lack of merit.

### II.  Background

Petitioner was charged in state court with 19 counts: assault with intent to commit great bodily harm (3 counts), assault with intent to rob while armed, carjacking, unlawful imprisonment (9 counts), assault with a dangerous weapon (3 counts), felon in possession of a firearm, and felony firearm.  On June 20, 2011, he plead guilty under a

plea agreement to assault with intent to rob while armed, and felony firearm; the remaining charges were dismissed.  The guilty plea was also subject to an agreement under state law[1] that Petitioner would be sentenced to the mandatory 2 years' imprisonment for the felony-firearm conviction and 6 to 15 years' imprisonment for the assault charge.  Petitioner was sentenced in accordance with the plea agreement.

Following his sentencing, Petitioner filed two motions in the trial court: a motion for resentencing and a motion to reissue the judgment of conviction and sentence. During the hearing on the motions, defense counsel argued that the sentencing information report (SIR) failed to accurately reflect the scoring of offense variables and prior record variables discussed and decided upon by the trial court at sentencing. 2/15/13 Tr. at 5-6 (ECF No. 13-11, Pg. ID 307-08).  The parties and trial court discovered that the copy of the SIR relied upon by defense counsel in filing the motion was unsigned and not the official SIR that was part of the court record.  Id. at 8 (ECF No. 13-11, Pg ID 310).  The parties and the trial court agreed that the official, signed SIR accurately reflected the scoring of the variables and Petitioner's sentencing guidelines.  Id.  The trial court, therefore, denied the motion for resentencing.  Id. at 10 (ECF No. 13-11, Pg ID 312).  The trial court granted Petitioner's motion to reissue the judgment of conviction and sentence to allow Petitioner to timely file an application for leave to appeal.  Id.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals

---

[1]See People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation)

2

raising a claim that the sentencing guidelines were misscored. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." People v. Hernandez, No. 314945 (Mich. Ct. App. Nov. 20, 2013). Petitioner sought leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Hernandez, 495 Mich. 995 (2014).

Petitioner then filed this habeas petition. He contends that Prior Record Variable 1 was misscored in violation of the right to sentence based upon accurate information; and his scoring on Offense Variables 8 and 9 violated due process because the scoring was based upon inaccurate information.

### III. Standard

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003), quoting Williams, 529 U.S. at 413.

A federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Discussion

### A.

Petitioner challenges the scoring of Prior Record Variable (PRV) 1, and Offense Variables (OV) 8 and 9.[2] He argues that the scoring of each of these violated his rights

---

[2] Respondent correctly argues that the claims concerning the scoring of offense variables 8 and 9 are unexhausted. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 generally must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). However, the exhaustion requirement is not jurisdictional, and the Court may decided an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy.

under the Due Process Clause because they were based upon inaccurate information. However, as explained below, a review of the petition, state court pleadings and transcripts fails to support Petitioner's contention.

**B.**

A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" Roberts v. United States, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. Townsend v. Burke, 334 U.S. 736 (1948). "Townsend and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" Stewart v. Erwin, 503 F.3d 488, 495 (6th Cir. 2007), quoting Collins v. Buchkoe, 493 F.2d 343, 345 (6th Cir. 1974).

**1.**

Petitioner first argues that he was incorrectly scored 50 points for PRV 1. M.C.L. § 777.51(1)(b) authorizes the scoring of 50 points for PRV 1 if the offender has two prior high severity felony convictions. Petitioner admits to having one prior qualifying felony conviction, but argues that the second conviction should not have been scored under PRV 1 because he was sentenced as a juvenile. Petitioner was apparently tried, at the age of 16, as an adult, found guilty of assault with intent to murder, but sentenced as a juvenile to the custody of the Department of Social Services until he reached the age of

---

See Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987). The Court will address these claims because they are plainly meritless.

5

21. Petitioner argues that because he was sentenced as a juvenile, this conviction should have been scored under PRV 3, which allows for the scoring of prior juvenile adjudications. The trial court held that, because Petitioner was tried and found guilty of that offense as an adult, the offense was properly scored under PRV 1, even though Petitioner was sentenced as a juvenile.

Petitioner's argument that the scoring of this offense variable violated due process is, at its heart, a disagreement with the trial court's interpretation of state law. Petitioner's disagreement with the trial court's determination does not establish a due process violation. The state court's finding that the prior conviction should be scored under PRV 1 is based upon its interpretation of state law and, therefore, not cognizable on habeas review. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."). Thus, he is not entitled to habeas relief on this ground.

**2.**

Petitioner next argues that offense variable 8 was incorrectly scored at 15 points, rather than zero. The record shows that offense variable 8 was scored at zero. 2/15/13 Tr. at 8, ECF No. 13-11, Pg ID 310). Therefore, this claim lacks merit and does not provide a ground for habeas relief.

**3.**

Finally, Petitioner argues that offense variable 9 was incorrectly scored at ten points. Offense variable 9 concerns the number of victims. It was initially scored 25

points, which required 10 or more victims placed in danger of physical injury or death. M.C.L. § 777.39(1)-(2).

At sentencing, the trial court changed the score to 10 points for 2 to 9 victims, which corresponded to the charges of 9 counts of unlawful imprisonment. Petitioner did not object to the trial court's conclusion at sentencing that there were 9 victims in this case. However, the trial court was free to consider all of the victims even though Petitioner pleaded guilty with respect to only one victim. See People v. Wiggins, 390 N.W.2d 740, 742 (Mich. Ct. App. 1986). . Thus, Petitioner was not denied due process based on the trial court's assessment of 10 points for this offense variable, nor was he scored based upon inaccurate information. Habeas relief is not warranted on this ground.

## V. Conclusion

For the reasons stated above, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2015
Detroit, Michigan